## THE TIANA.

District Court, S. D. New York.
Feb. 21, 1936.

Lamar Hardy, U. S. Atty., of New York City (Mary R. Towle, of New York City, of counsel), for the United States.

Burlingham, Veeder, Clark & Hupper, of New York City (Norman M. Barron, of New York City, of counsel), for claimant.

COXE, District Judge.

I think it is perfectly clear that this case is not covered by section 443 (33 U. S.C.A. § 443) as there was no intention whatever to deposit or discharge or place any of the lumber in the waters of New York Harbor or adjacent waters. On both occasions complained about by the government, the claimant was moving piling planks and sheathing from places in New Jersey, where it was engaged in repair work, to its own storage yard at Greenville, N. J. There was no intention to take any of this lumber to any other place, and it was the purpose, when the lumber arrived at Greenville, to place it in the storage yard, and either reclaim it for subsequent use, or saw it up for firewood, or some other legitimate purpose of the claimant's business. The testimony shows that this had been the invariable practice over a long period of time, and I can find nothing in the testimony to indicate that the purpose on October 18 and November 4, 1935, was in any way different from the practice which had always been followed previously. As I construe section 443, it requires that a permit be obtained when any of the forbidden substances specified in section 441 are to be placed on any scow or float for deposit in the waters of New York Harbor or adjacent waters; and unless there is something to indicate that this is the purpose or the intention, I do not think that section 443 has any application.

I, therefore, grant the motion of the proctor for the claimant to dismiss the libel.